IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ASEM FAROOQ, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-120-P |
| | § | |
| DONNA BOLT, ET AL., | § | |
|    Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL OF PLAINTFF'S CLAIMS AND RETURNING CASE TO DISTRICT JUDGE

On February 6, 2024, *pro se* Plaintiff Asem Farooq ("Farooq") filed, *inter alia*, a Complaint against Manheim Auto Auction and Remarketing Inc. [doc. 1]. In an order dated February 20, 2024, Farooq was granted permission to procced In Forma Pauperis ("IFP"). Thereafter, on February 21, 2024, Farooq filed an Amended Complaint [doc. 8] in which he dropped the original Defendants and named Donna Bolt, Lynette Bowles, and Abdul Yaro as Defendants. In the Amended Complaint, Farooq alleged claims for employment discrimination while employed at Manheim Auto Auction based on gender and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 2-4.) Farooq stated that the alleged discriminatory acts of termination, unequal terms and conditions, and retaliation occurred on October 15, 2019, and are not still occurring. (*Id*.) Farooq further indicated that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 1, 2019, and that he received a Notice of Right to Sue letter on September 17, 2021. (*Id*. at 5.)

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case

1

proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

As to Plaintiff's claims pursuant to Title VII, "before a plaintiff may file a civil action under Title VII . . . , he must exhaust administrative remedies, which include filing a charge of discrimination within 300 days after the alleged violations occurred and filing suit within 90 days after receiving a right-to-sue letter from the EEOC." *Wilson v. Texas Higher Educ. Coordinating Bd.*, No. SA05CA1137-XR, 2006 WL 505549, at *2 (W.D. Tex. Jan. 30, 2006) (internal quotations and citations omitted); *see* 42 U.S.C. §2000e-5(f)(1). The ninety-day period begins to run "on the date that the EEOC right-to-sue letter is delivered . . . to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *see Crabtree v. Cyberonics, Inc.*, No. H-05-4221, 2006 WL 1581971, at *2 (S.D. Tex. June 7, 2006) ("The 90-day period begins to run with the notice is *received*.") "The ninety-day limitations period is strictly construed[,]" and "[c]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the nineth-day limitation period had expired." *Crabtree*, 2006 WL 1581971, at *2 (internal quotations and citations omitted). The "failure to exhaust administrative remedies in the context of the ADA is not a jurisdictional bar but rather a prudential prerequisite to suit." *Spann v. Frisco*

*Indep. Sch. Dist.*, No. 4:19-CV-00603-SDJ-CAN, 2020 WL 2167624, at *2 n.4 (E.D. Tex. Apr. 14, 2020).

As set forth above in Plaintiff's Amended Complaint [doc. 8], which is the live pleading in this case, Plaintiff received his Notice of Right to Sue Letter on September 17, 2021.[1] (Pl.'s Am. Compl. at 5, 7.) Plaintiff filed his original Complaint, in this case, on February 6, 2024, which is several years beyond the ninety-day limitations periods. Consequently, as to Plaintiff's claims under Title VII, the Court **FINDS and CONCLUDES** that Plaintiff's suit is untimely, and Plaintiff has alleged no facts which would warrant equitable tolling. Thus, the Court **RECOMMENDS** that Plaintiff's claims under Title VII be **DISMISSED** for Plaintiff's failure to exhaust administrative remedies.

As to Plaintiff's claims under the USERRA, this act "prohibits discrimination against individuals because of their service in the uniformed service." *King v. Life Sch.*, 809 F. Supp. 572, 580 (N.D. Tex. Aug. 9, 2011). "It specifically prohibits any state, federal, or private employer from denying any benefit of employment on the basis of an individual's membership, application for membership, performance of service, application for service, or obligation for service in the uniformed services." *Id.* "It also prohibits an employer from retaliating against a person by taking adverse employment action against that person because he or she has taken an action to enforce a protection afforded under USERRA." *Id*.

In this case, Farooq has failed to make any allegations, in either his original Complaint or Amended Complaint, that he was discriminated against on the basis of his membership, application for membership, performance of service, application for service, or obligation for service in the uniformed services. In addition, Farooq has failed to make any allegations that he was retaliated

---

[1] Plaintiff attached a copy of his Notice of Right to Sue letter to his Amended Application to Proceed in District Court Without Prepaying Fees or Costs [doc. 6].

against because he took an action to enforce a protection afforded under USERRA. Other than mentioning the USERRA in his Amended Complaint and a passing reference to receipt of "VA disability" in his original Application to Proceed in District Court Without Prepaying Fees or Costs [doc. 2], Farooq has provided no facts or allegations that support a claim under the USERRA. Thus, the Court **FINDS, CONCLUDES**, and **RECOMMENDS** that Farooq's claims under the USERRA be **DISMISSED** for failure to state a claim upon which relief may be granted.[2]

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, in this case, Plaintiff has already filed an Amended Complaint that does not evidence a viable legal claim or cause of action and appears to be Plaintiff's best case. Nevertheless, Plaintiff has fourteen days to respond to the undersigned's recommendation, which provides Plaintiff both notice of the Court's intention and an opportunity to cure the deficiencies noted. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (finding that the objection period following a magistrate judge's recommendation for *sua sponte* dismissal of claims provided Plaintiff with adequate notice and opportunity).

---

[2] The Court notes that, on December 10, 2021, Farooq filed a suit against Defendants Manheim Remarketing, Inc. and Cox Automotive Corporate Service LLC d/b/a Manheim Dallas-Fort Worth in the 96th Judicial District Court, Tarrant County, Texas. Farooq asserted claims for race and sex discrimination under the Texas Commission on Human Rights and retaliation in violation of the USERRA. The case was removed by Defendants to this Court on January 12, 2022, and assigned cause number 4:22-cv-26-O. The Court dismissed this case with prejudice on March 16, 2023, after finding in favor of Defendants on their motion for summary judgment. It appears that Farooq is now attempting to bring the same claims which were already decided in the previous action against new defendants, who are in privity with the Defendants in the initial action filed in 2021. Thus, Plaintiff's claims also appear to be barred under the doctrine of res judicata. *See Irregular IP, LLC v. Patagonia, Inc.*, No. 1:23-CV-00333-ADA, 2023 WL 8792160, at *2 ("Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.") (internal citations and quotations omitted). *See also Wang v. Prudential Ins. Co. of Am.*, No. 3:09-cv-1309-O-BF, 2010 WL 1640182, at *2 (N.D. Tex. Apr., 2, 2010), *rep. and recommendation adopted*, 2010 WL 2000521 (N.D. Tex. May 18, 2010), *aff'd*, 439 F. App'x 359 (5th Cir. 2011); *Luna v. Rambo*, 841 F. Supp. 2d 193, 196 (D.C. 2012) (finding that a lawsuit against a supervisor employed by SCS Contracting Group, LP ("SCS") was barred by doctrine of res judicata based on a prior suit against SCS and two of the principles of SCS that contracted with Plaintiff to perform work on Plaintiff's house as Plaintiff could have sued such supervisor in the initial lawsuit).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 20, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 6, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE